UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIM SUTYLA-WATSON, RN

        Plaintiff,

v.                                                                      2:23-cv-00549

ASCENSION HEALTH, INC.,
ASCENSION WISCONSIN,
ASCENSION MEDICAL GROUP –
SOUTHEAST WISCONSIN, INC.,
ASCENSION SE WISCONSIN
HOSPITAL, INC

        Defendants.

## COMPLAINT

Plaintiff Kim Sutyla-Watson, by and through her undersigned counsel, brings this Complaint against the Defendants, Ascension Health, Inc. Ascension Wisconsin, Ascension Medical Group – Southeast Wisconsin, Inc., and Ascension SE Wisconsin Hospital, Inc. In support alleges as follows:

### INTRODUCTION

1. This action is based on violations of Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352), codified at 42 U.S.C. § 2000e *et seq*. The gravamen of this Complaint is that Defendants unlawfully refused to accommodate, otherwise discriminated against, and subsequently suspended Plaintiff with threat of termination on the basis of unlawful denial of a religious exemption from Defendants' policy of mandatory vaccination from the coronavirus, officially named severe acute respiratory syndrome coronavirus 2, SARS-CoV-2 ("COVID-19").

1

Defendants knew or should have reasonably known that Plaintiff holds religious beliefs because she asserted them. Defendants nevertheless failed to provide an interactive process to ascertain her beliefs and entertain possible accommodations. Instead, Defendants denied religious exemptions and suspended Plaintiffs without pay, threatening termination. Approximately five weeks into the unpaid suspension, Defendants began asking unvaccinated suspended employees to return to work without requiring any unique infection mitigation protocol than vaccinated employees, demonstrating that Plaintiffs' religious exemptions did not pose an undue hardship and the unpaid suspension was unwarranted.

## JURISDICTION AND VENUE

2. This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Venue is proper in the Eastern District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3), in that all Defendants maintain significant operations within the Eastern District. This case is appropriate for the assignment in the Milwaukee Division as the principal office of Defendants Ascension Wisconsin, Ascension SE Wisconsin, Inc., Ascension Medical Group – Southeast Wisconsin, Inc, and Ascension SE Wisconsin Hospital, Inc. are located in the Eastern District of Wisconsin. Furthermore, this matter is related to other cases assigned to the Milwaukee Division of the Eastern District of Wisconsin: *Reilly v Ascension et al*, 2:22-cv-01168-BHL; *Schultz et al v Ascension Health, Inc. et al*, 2:22-cv-01562-BHL; *Bayer v Ascension Health, Inc. et al*, 1:23-cv-7-BHL; *Zajicek et al v. Ascension Health, Inc. et al*, 2:23-cv-13-BHL; *Johnson and Prahl v. Ascension Health, Inc. et al*, 22-cv-00051- BHL; *Lindstrom v. Ascension Health, Inc. et al*, 2:23-cv-212-BHL; and *Allen v. Ascension Health, Inc. et al*, 2:23-cv-213-BHL.

## PARTIES

3. Plaintiff Kim Sutyla-Watson devoted her career in service to others through healthcare as a Registered Nurse. Ms. Sutyla-Watson's sincerely held religious beliefs of sanctity of life, bodily integrity, and sanctity of conscience, grounded in Christian moral teaching, that prohibit her from receiving COVID-19 vaccination.

4. Upon Information and belief, Defendant Ascension Health, Inc. ("Ascension") is the nation's second largest national health system that operates more than 2,600 sites of care in 19 states and the District of Columbia, while providing a variety of services including clinical and network services, venture capital investing, investment management, biomedical engineering, facilities management, risk management, and contracting through Ascension's own group purchasing organization. The principal office for Ascension Health, Inc. is 4600 Edmundson Road, St. Louis, Missouri 63134. Ascension is an "employer" within the meaning of 42 U.S.C. § 2000e.

5. Upon information and belief, Defendant Ascension Wisconsin, is a healthcare provider with a principal place of business at 400 West Riverwoods Parkway, Glendale, Wisconsin, 53212. Ascension Wisconsin is an "employer" within the meaning of 42 U.S.C. § 2000e.

6. Upon information and belief, Defendant Ascension Medical Group - Southeast Wisconsin, Inc. is a healthcare provider with a principal place of business at 400 West Riverwoods Parkway, Glendale, Wisconsin, 53212. Ascension Medical Group - Southeast Wisconsin, Inc. is an "employer" within the meaning of 42 U.S.C. § 2000e.

7. Upon information and belief, Defendant Ascension SE Wisconsin Hospital, Inc. is a healthcare provider established in Milwaukee County with a principal place of business at 5000

West Chambers Street, Milwaukee, Wisconsin 53210. Ascension SE Wisconsin Hospital, Inc. is an "employer" within the meaning of 42 U.S.C. § 2000e.

## FACTUAL BACKGROUND

8. Plaintiff provided Defendants exemplary service at the Elmbrook Campus of Ascension SE Wisconsin Hospital, Inc. from September 2019 to November 2021.

9. Plaintiff was a hero working on the frontline of the COVID-19 Pandemic, safely protecting herself and others from COVID-19 by using the shielding procedures, personal protective equipment (PPE), and established infection mitigation protocol established by Defendants.

10. Plaintiff holds sincerely held religious beliefs of sanctity of conscience, bodily integrity, and sanctity of life that prohibit her from receiving COVID-19 vaccination.

11. On or about August 4, 2021, Ascension announced a mandatory COVID-19 vaccination policy. As part of its policy, Ascension purported to provide employees with the opportunity to seek religious or medical exemptions, with the compliance deadline of November 12, 2021.

12. On August 19, 2021, Joseph R. Impicciche, President and Chief Executive Officer of Ascension, sent an email to all Ascension employees, Catholic or not, entitled "Pope Francis: COVID-19 vaccination an 'act of love' and 'moral obligation'". Mr. Impicciche's email asserted there is a moral obligation to be injected with COVID-19 vaccines.

13. In order to submit a request for a religious exemption from the mandatory COVID-19 vaccination policy, Defendants required employees to use an online request form, with drop down answers. The deadline for submitting an online religious exemption form was October 1, 2021.

14. Before completing the form, employees were required to watch a video entitled "COVID-19 Myths and Facts."

15. In order to submit the online form, employees were required to answer questions about their religious affiliation, their religious beliefs, and how the vaccine violated their moral conscience. Employees were also required to check "I agree" to a statement which claimed assent to "voluntary resignation" for noncompliance of becoming "fully vaccinated" by November 12, 2021, in accordance with the COVID-19 mandatory vaccination policy.

16. Plaintiff did not consent to "voluntary resignation".

17. Plaintiff timely submitted a completed online form for a religious accommodation for the COVID-19 vaccination, detailing her sincerely held religious beliefs and practices, grounded in their Christian faith, that prohibit COVID-19 vaccination as a religious practice. **Exhibit 1**, *Plaintiff's Request for Religious Accommodation*. Specifically, Plaintiff stated her religious convictions of sanctity of life that prohibit COVID-19 vaccination based on the use of aborted fetal stem cell lines in the development, production, and/or testing of COVID-19 vaccines. *Id*.

18. Plaintiff received an automated email reply by Ascension's Service Desk ("Service Desk") acknowledging the submission of her request for religious accommodation. It is uncertain where the Service Desk is located in the national Ascension network and who serves on the Exemption Review Committee.

19. Plaintiff received an automated email by the Service Desk denying her request for religious accommodation.

20. Plaintiff appealed the denial of her religious accommodation to the Service Desk, providing additional information on their religious beliefs and practices. Plaintiff was not

5

Case 2:23-cv-00549-BHL   Filed 04/30/23   Page 5 of 9   Document 1

provided a contact person to interact with regarding her sincerely held religious beliefs and possible accommodations.

21. Plaintiff's appeal was summarily denied by another automated reply from the Service Desk.

22. On or about November 12, 2021, Defendants placed Plaintiff on unpaid suspension for failing to comply with the mandatory COVID-19 vaccination policy.

23. As a result of the unpaid suspension, Plaintiff suffered damages, including financial losses.

24. Plaintiff filed a discrimination claim against Ascension with the U.S. Equal Employment Opportunity Commission ("EEOC").

25. Approximately five weeks after the unpaid suspension was enforced on November 12, 2021, Defendants began requesting that suspended unvaccinated staff return to work without requiring any protocol beyond that of vaccinated staff, demonstrating that the unpaid suspension, with threat of termination, was unwarranted.

26. Plaintiff could not return to work with Defendants, as the unlawful denial of religious accommodations, and the correlating adverse employment actions, made it impossible for her to return to her employment.

27. Plaintiff holds a Right to Sue Notice from the EEOC dated January 30, 2023.[1]
**Exhibit 2**, *Plaintiff's Right to Sue Notice*.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq*.] Adverse Employment Action based on Religion Against Defendants**

---

[1] Plaintiff received the Right to Sue Notice through an email notification by the EEOC. Counsel for plaintiff was never copied on the Right to Sue Notice by email or by standard mail.

28. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

29. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

30. Plaintiff was at all relevant times an employee and applicant covered by 42 U.S.C. §2000e, et seq., prohibiting discrimination in employment based on religion. Defendants were at all relevant times employers for purposes of 42 U.S.C. § 200e, *et seq*.

31. Plaintiff holds sincere religious objections to receiving COVID-19 vaccination.

32. Although Plaintiff informed Defendants of her faith and practices, Defendants disregarded Plaintiff's sincere religious beliefs which conflicted with receiving the COVID-19 vaccine.

33. Defendants refused to converse or interact with Plaintiff regarding her faith to further understand her beliefs and religious practices.

34. Plaintiff's religious accommodation request was denied without Defendants exploring any alternatives that might have been available to accommodate her religious beliefs.

35. Plaintiff's religious beliefs and practices were therefore a motivating factor in placing her on unpaid suspension with threat of termination.

36. Plaintiff suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

37. Defendants intentionally violated Plaintiff's rights under Title VII.

38. Plaintiffs is entitled to lost wages, backpay, compensatory damages, punitive damages, nominal damages, attorneys' fees, costs of suit, a declaration that Defendants violated her rights under Title VII, and an injunction preventing Defendants from enforcing their discriminatory policies.

39. Plaintiff is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq.*]**
**Failure to Provide Religious Accommodation Against Defendants**

40. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, makes it unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

42. Plaintiff suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

43. Plaintiff is entitled to lost wages, backpay, compensatory damages, punitive damages, nominal damages, attorneys' fees, costs of suit, a declaration that Defendants violated

8

their rights under Title VII, and an injunction preventing Defendants from enforcing their discriminatory policies.

44. Plaintiff is entitled to further relief as set forth in her Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Court grants relief as follows:

A. Award Plaintiff backpay, including past loss wages and benefits, plus interest;

B. Award Plaintiff other and further compensatory damages in an amount according to proof;

C. Award Plaintiff noneconomic damages, including but not limited to damages for emotional distress and pain and suffering;

D. Award Plaintiff reasonable attorneys' fees and costs of suit.

E. Award Plaintiff punitive damages;

F. Award Plaintiff nominal damages;

G. Enjoin Defendants from enforcing their discriminatory policies;

H. Declare that Defendants have violated Title VII of the Civil Rights Act; and

I. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Dated April 30, 2023

/s/ Carol Lee Ferrero
Carol Lee Ferrero
PACIFIC JUSTICE INSTITUTE
9714 North Valley Hill Drive
Mequon, Wisconsin 53092
Phone: 262-227-7203
cferrero@pji.org

*Attorney for Plaintiffs*