UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KIMBERLY A REILLY,

    Plaintiff,

v.                                                     Case No. 22-cv-1168-bhl

ASCENSION ALL SAINTS HOSPITAL, et al,

    Defendants.

---

THERESA L SCHULTZ, JAMI L BUCHANAN
AND JAMIE S WEIR,

    Plaintiffs,

v.                                                     Case No. 22-cv-1562-bhl

ASCENSION WISCONSIN, ASCENSION,
ASCENSION ALL SAINTS HOSPITAL,
ASCENSION SAINT ELIZABETH HOSPITAL
AND ASCENSION MEDICAL GROUP – NINTH STREET,

    Defendants.

---

DR. EDWARD D. BAYER,

    Plaintiff,

v.                                                     Case No. 23-cv-0007-bhl

ASCENSION HEALTH INC, ASCENSION NE
WISCONSIN INC And ASCENSION MEDICAL
GROUP FOX VALLEY INC

    Defendants.

---

DANIEL ZAJICEK, TAMMY HATCH and
SHELLEY POWELEIT,

        Plaintiff,

v.                                                                      Case No. 23-cv-00013-bhl

ASCENSION HEALTH INC, ASCENSION NE
WISCONSIN INC, ASCENSION SE WISCONSIN INC,
And ASCENSION MEDICAL GROUP FOX VALLEY INC

        Defendants.

---

KEVIN E JOHNSON,

        Plaintiff,

v.                                                                      Case No. 23-cv-00051-bhl

ASCENSION HEALTH INC, ASCENSION SE
WISCONSIN INC, MEDXCEL FACILITIES
MANAGEMENT LLC and ASCENSION ALL
SAINTS HOSPITAL.

        Defendants.

---

DR. MARK LINDSTROM,

        Plaintiff,

v.                                                                      Case No. 23-cv-0212-bhl

ASCENSION HEALTH INC, ASCENSION
WISCONSIN, ASCENSION MEDICAL GROUP –
SOUTHEAST WISCONSIN INC and COLUMBIA
ST MARY'S HOSPITAL MILWAUKEE, INC,

        Defendants,

DR. SUSAN ALLEN,

        Plaintiff,

v.                                                                                                        Case No. 23-cv-0213-bhl

ASCENSION HEALTH INC, ASCENSION WISCONSIN,
ASCENSION NE WISCONSIN, INC, ASCENSION MEDICAL
GROUP – FOX VALLEY, INC. and ASCENSION CALUMET
HOSPITAL, INC.

        Defendants,

---

KIM SUTYLA-WATSON,

        Plaintiff,

v.                                                                                 Case No. 23-cv-0549-bhl

ASCENSION HEALTH INC, ASCENSION WISCONSIN,
ASCENSION MEDICAL GROUP – SOUTHEAST
WISSCONSIN INC and ASCENSION SE WISCONSIN
HOSPITAL INC,

        Defendants.

JEREMY HALCOMB,

      Plaintiff,

v.                       Case No. 23-cv-0639-bhl

ASCENSION HEALTH MINISTRY INC,
ASCENSION HEALTH INC, ASCENSION
WISCONSIN, ASCENSION NE WISCONSIN INC,
COLUMBIA ST MARY'S INC, COLUMBIA ST. MARY'S
HOSPITAL MILWAUKEE INC and COLUMBIA ST MARY'S
HOSPITAL OZAUKEE INC,

      Defendants.

## ORDER CONSOLIDATING CASES

  On June 1, 2023, the Court issued a Preliminary Order on Consolidation, setting a status conference to consider whether to consolidate the nine pending lawsuits filed by different healthcare employees against one or more entities within the Ascension health care system: *Reilly, et al. v. Ascension Wisconsin et al.*, 22-cv-1168-bhl; *Schultz, et al. v. Ascension Health, Inc., et al.*, 22-cv-1562-bhl; *Bayer v. Ascension Health, Inc., et al.*, 23-cv-0007-bhl; *Zajicek, et al. v. Ascension Health, Inc., et al.*, 23-cv-0013-bhl; *Johnson v. Ascension Health, Inc., et al.*, 23-cv-0051; *Lindstrom v. Ascension Health, Inc. et al.*, 23-cv-0212-bhl; *Allen v. Ascension Health, Inc. et al.*, 23-cv-0213-bhl; *Sutyla-Watson v. Ascension Health, Inc., et al.*, 23-cv-0549-bhl; and *Halcomb v. Ascension Health Ministry, Inc., et al.*, 23-cv-0639-bhl. (Case No. 22-1168, ECF No. 31.) That status conference occurred on June 8, 2023. At the conference, counsel for the parties expressed no objection to consolidation.[1] The cases will therefore be consolidated, for reasons more fully explained in the Court's preliminary order on consolidation, namely that the cases involve common claims and seek common relief, and consolidation will promote judicial economy and temper the risk of inconsistent rulings. *See* Fed. R. Civ. P. 42(a)(2); *Conn. Gen. Life. Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000). The Court will designate

---

[1] Defense counsel did underscore differences between *Allen v. Ascension Health, Inc., et al.*, No. 23-cv-0213-bhl and the other eight suits. But even if some relevant differences exist, consolidation will not prejudice Defendants, and they will be permitted to raise individual defenses, to the extent applicable.

*Reilly, et al. v. Ascension Wisconsin et al.* as the lead case and direct the parties to make all future filings on the docket for that case.

The parties also discussed Defendants' motions to stay, pending in six of the nine cases. (Case No. 22-1168, ECF No. 28; Case No. 22-1562, ECF No. 13; Case No. 23-0007, ECF No. 9; Case No. 23-0013, ECF No. 10; Case No. 23-0051, ECF No. 8.) Each motion asks the Court to impose a stay based on an order preliminarily approving a class action settlement and conditionally certifying a class of which most of the Plaintiffs to these cases are putative members.[2] (*Id.*); *see Albright, et al. v. Ascension Michigan, et al.*, W.D. Mich., No. 1:22-cv-00638-JMB-JG, ECF No. 63. Plaintiffs' counsel represented that most, if not all, of her clients intend to opt out of the class. In the interest of efficiency, she also agreed to inform this Court by mid-July of her clients' opt-out decisions. Accordingly, to give the plaintiffs time to decide whether to opt out of the conditionally certified *Albright* class, the Court will stay all deadlines in the consolidated cases, pending a continued status conference on July 20, 2023.

**IT IS HEREBY ORDERED** that pending cases: *Reilly, et al. v. Ascension Wisconsin et al.*, 22-cv-1168-bhl; *Schultz, et al. v. Ascension Health, Inc., et al.*, 22-cv-1562-bhl; *Bayer v. Ascension Health, Inc., et al.*, 23-cv-0007-bhl; *Zajicek, et al. v. Ascension Health, Inc., et al.*, 23-cv-0013-bhl; *Johnson v. Ascension Health, Inc., et al.*, 23-cv-0051; *Lindstrom v. Ascension Health, Inc. et al.*, 23-cv-0212-bhl; *Allen v. Ascension Health, Inc. et al.*, 23-cv-0213-bhl; *Sutyla-Watson v. Ascension Health, Inc., et al.*, 23-cv-0549-bhl; and *Halcomb v. Ascension Health Ministry, Inc., et al.*, 23-cv-0639-bhl are **consolidated**. The Clerk is directed to designate *Reilly, et al. v. Ascension Wisconsin, et al.* 22-cv-1168-bhl as the master docket number for consolidated proceedings and to administratively close the eight remaining actions.

**IT IS FURTHER ORDERED** that upon the filing of any additional case in this District arising out of the same facts and raising the same or similar legal issues, any party to the consolidated proceedings may file a notice of related action in the master docket, whereupon the Court will direct the Clerk to add the newly filed case to the consolidated action. Such consolidation will be without prejudice to the rights of the parties thereto to thereafter move for

---

[2] Again, Defense counsel noted that the proposed class did not encompass Plaintiff Allen. And no motion to stay has been filed in either *Sutyla-Watson v. Ascension Health, Inc., et al.*, 23-cv-0549-bhl or *Halcomb v. Ascension Health Ministry, Inc., et al.*, 23-cv-0639-bhl because Plaintiffs to those cases have not yet effected service.

deconsolidation of a particular action by showing why that action should not be consolidated under Fed. R. Civ. P. 42.

**IT IS FURTHER ORDERED** that all pending deadlines in the consolidated cases are **STAYED**. Unless extended by further Court order, the stay will expire on **July 20, 2023**.

**IT IS FURTHER ORDERED** that a continued status conference is scheduled for **July 20, 2023** at **11:30 a.m., Central**. To appear, call the Court conference line at 1-669-254-5252 and enter Meeting ID 160 9600 2659 and Passcode 243805 before the scheduled hearing time. The parties should arrive prepared to discuss how to resolve any of the pending cases in which a plaintiff elects to opt-out of the *Albright* class.

**IT IS FURTHER ORDERED** that, in advance of the continued status conference, the parties must meet and confer to discuss a plan for moving the cases to resolution. No later than seven days before the continued status conference, the parties must file a status report, updating the Court on how they intend to proceed.

Dated at Milwaukee, Wisconsin on June 8, 2023.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge